IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01724-KLM

JEDON KERR, and
DEAN SCHILLER,

    Plaintiffs,

v.

CITY OF BOULDER, COLORADO, a municipality,
RYAN LORD, Officer, in his individual capacity,
N. BRETZ, Officer, in his individual capacity,
B. PLYTER, Officer, in his individual capacity,
LEAH RECH, Officer, in her individual capacity,
CHRISTOPHER C. REISS, in his individual capacity,
TIMOTHY KELLISON, in his individual capacity, and
DEPUTY SHERIFF JOHN DOES 1-10, in their individual capacity,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Amend Scheduling Order** [#74][1] (the "Motion"). Defendants filed a Response [#75] in opposition to the Motion [#74], and Plaintiff filed a Reply [#76]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#74] is **GRANTED**.

---

[1] "[#74]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

On March 10, 2020, Plaintiffs served deposition notices on the six individual Defendants. The depositions were to be conducted at the Alfred A. Arraj United States Courthouse in early April. *Motion* [#74] at 1-2. Due to the quickly-evolving status of the pandemic at that time and the imminence of the depositions to be taken at a public federal facility, the parties agreed to a brief, off-the-record telephonic discussion with the Court on March 25, 2020, where, in short, it was determined that Defendants would not be required to attend their depositions remotely at that time and, therefore, they were permitted to cancel the depositions. *Id.* at 2.

On May 21, 2020, Plaintiffs sent written discovery requests to Defendants as well as notices to take the individual Defendants' remote depositions the week of June 15, 2020. *Reply* [#76] at 2. On June 8, 2020, Defendants filed an opposed Motion to Stay Discovery [#50], and this is where the parties' confusion in the case seems to have first arisen. The basis of Defendants' Motion to Stay [#50] was their assertion of qualified immunity in their June 5, 2020 Combined Motion for Summary Judgment [#48], filed approximately two months before the August 10, 2020 dispositive motion deadline. *Minute Order* [#45]. Defendants purported to bring the Motion to Stay [#50] pursuant to Fed. R. Civ. P. 26(c), which concerns protective orders. This rule provides in part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." The rule permits the Court to take one of eight actions to forbid, narrow, or specify the discovery at issue, but there is no specific mention in this rule regarding a blanket stay of discovery, i.e., the relief Defendants requested in their Motion to Stay Discovery [#50].

In the District of Colorado, requests for broad stays of discovery in most civil matters

are typically adjudicated using the five factors enunciated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). The Court in *String Cheese Incident* found the legal authority for imposition of a broad stay of discovery in Fed. R. Civ. P. 26(c), finding that a broad stay of discovery may be warranted in certain circumstances to prevent undue burden or expense. 2006 WL 894955, at *2.

D.C.COLO.LCivR 30.2(a) provides in relevant part: "Motion for Protective Order or to Limit Examination. Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered." Despite the broad language of "[p]ending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c)," the Court has consistently interpreted this rule narrowly as concerning only a motion for protective order (or a motion to limit examination) which is directed at specific discovery requests. Thus, despite the fact that *String Cheese Incident* relies on Rule 26(c) for its underlying legal authority, the Court does not construe Local Rule 30.2(a) as mandating a stay when a motion seeking a blanket stay of discovery is filed. Any other reading of the Local Rule would permit any party to unilaterally shut down discovery completely for an extended period simply by filing a motion for a blanket stay, whether in good faith or not, which is simply not contemplated by the spirit of the Local Rule.

Although certainly not made clear in the briefing related to Defendants' Motion to Stay [#50], it is clear from the briefing on the present Motion [#74] that Defendants' request for a blanket stay on June 8, 2020 was made in light of the remote depositions of the individual Defendants which were scheduled to take place the week of June 15, 2020, and

perhaps also in light of their written discovery responses due to Plaintiff the following week. *Reply* [#76] at 2. Although only Plaintiffs explicitly state (incorrectly, as explained above) that the Motion to Stay [#50] stayed all discovery in the case, it seems likely based on the circumstances as a whole that this was Defendants' intent and/or belief as well. This conclusion is bolstered by the fact that Defendants have apparently not responded to Plaintiffs' May 21, 2020 written discovery requests.

Technically, in the absence of an automatic stay, there was no reason to cancel the depositions set for the week of June 15, 2020, and, in addition, Defendants' responses to Plaintiffs' May 21, 2020 written discovery requests are now long overdue. Regardless, the actual effect of Defendants' filing of the Motion to Stay [#50] was that no additional discovery was completed prior to the July 9, 2020 discovery cut-off. *Minute Order* [#45]. Because the Motion to Stay [#50] was not fully briefed until after July 9, 2020, and because no automatic stay was in place, the Court subsequently denied the Motion to Stay [#50] as moot because all discovery should have been completed by July 9, 2020, and no request for an extension of that deadline had been made. The present Motion [#74] seeks an extension of the discovery cut-off to November 30, 2020, in order to (1) complete all required depositions, and (2) obtain Defendants' responses to Plaintiffs' May 21, 2020 written discovery requests. In light of the parties' apparently joint misconception that discovery was stayed during the last four weeks of the discovery period, the Court finds that the discovery deadline should be extended.

The Court is not convinced by Defendants' argument that the discovery deadline should not be extended because of their pending Motion for Summary Judgment [#48] premised in part on qualified immunity. First, denying the current Motion [#74] without

prejudice pending resolution of Defendants' Motion for Summary Judgment [#48] would essentially be entering a de facto stay, and a stay request is not at issue in the present Motion [#74].  Second, this is not a situation where a dispositive motion is filed at the outset of discovery, where it may make sense to stay discovery pending resolution of that motion so that the parties clearly know which claims are proceeding in the lawsuit and so that, if granted, issues of qualified immunity can be resolved early on in the case.  Third, while *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), strongly suggests that complete stays of discovery are appropriate in many cases when some individual defendants assert qualified immunity, the Supreme Court stopped well short of mandating that a stay of all discovery *must* be entered in all such cases.  Fourth, a motion for summary judgment varies from a motion to dismiss, of course, because the former generally requires discovery to resolve while the latter generally is determined based solely on the allegations in the operative complaint. *Compare* Fed. R. Civ. P. 56 *with* Fed. R. Civ. P. 12(b)(6).  Here, by filing an early Motion for Summary Judgment which heavily relies on the underlying facts (as opposed to a pure question of law), Defendants essentially seek to bar Plaintiffs from obtaining information from Defendants both via depositions of parties to this lawsuit and through written discovery responses.  This is manifestly prejudicial to Plaintiffs' ability to fully respond to the dispositive motion.  In fact, Plaintiffs pointed this out in their Response Pursuant to Fed. R. Civ. P. 56(d) Opposing City of Boulder's Motion for Summary Judgment [#58] where they state that they simply did not have the opportunity to conduct more than minimal discovery on the issues presented in the underlying motion.[2]

---

[2] Based on certain statements in the briefs on the current Motion [#74], the parties appear to be under the misimpression that a ruling will issue on Plaintiffs' Response Pursuant to Fed. R.

Even were the Court sua sponte inclined to enter a stay of discovery at this time with respect to the claims asserted against the individual Defendants, it is clear from a reading of the Amended Complaint [#34] that the claims against the individual Defendants and the claims against the City of Boulder are so intertwined that the individual Defendants would still have to be deposed even if all claims against the individuals were no longer at issue in this case. As Defendants point out in their Motion for Summary Judgment [#48], Plaintiffs' *Monell* claim against the City of Boulder requires a showing that the officers committed a constitutional violation and that the moving force behind the violation was a municipal policy of custom. *See* [#48] at 20 (citing *Myers v. Okla. City Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Thus, entering a stay as to the individual Defendants would do no more than delay the inevitable discovery which must proceed in light of the *Monell* claim.

The Motion [#74] seeks an extension of the discovery deadline through November 30, 2020, but given the current date, the Court finds that a slightly greater extension of the deadline is necessary in order for the parties to complete discovery. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#74] is **GRANTED**. The discovery deadline is extended to **December 18, 2020**, for all purposes. Defendants shall respond to Plaintiffs' outstanding written discovery requests **no later than November 20, 2020**.

---

Civ. P. 56(d) Opposing City of Boulder's Motion for Summary Judgment [#58]. *See, e.g.*, *Response* [#75] at 2 ("In response to the combined summary judgment motion, Plaintiffs filed a motion pursuant to Fed. R. Civ. P. 56(d) arguing that the Court should either deny the motion or defer decision pending additional discovery related only to its *Monell* claim against the City. [Doc. No. 58.]"); *Reply* [#76] at 3 ("Plaintiffs have filed a 56(d) motion . . . ."). This document [#58] was not filed as a motion and is simply titled as a "response" to another filing. Accordingly, no separate ruling will issue on this document. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

...

Dated: October 30, 2020

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge